IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DAVID RAY GUNTER,               )
                                )
            Plaintiff,          )
                                )
      v.                        )      1:16CV262
                                )
SOUTHERN HEALTH PARTNERS, INC., )
et al.,                         )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on the Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Davie County Board of Commissioners and Stokes County Board of Commissioners (collectively "moving Defendants"). (Doc. 28.) In their memorandum in support of the motion to dismiss, moving Defendants contend, inter alia, that a county board of commissioners is not a legal entity capable of being sued. (Doc. 29 at 5.) Plaintiff has filed a response and brief in opposition (Docs. 39, 41), and moving Defendants have replied (Doc. 42). This matter is ripe for ruling and, as explained below, this court will grant moving Defendants' motion.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim

upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). For a claim to be facially plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable." Id. (citing Twombly, 550 U.S. at 556). When ruling on a Rule 12(b)(6) motion, a court must accept the complaint's factual allegations as true. Id. However, a court does not have to accept as true mere legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Moving Defendants allege that neither the Davie County Board of Commissioners nor the Stokes County Board of Commissioners are legal entities capable of being sued, and that Davie County and Stokes County, both of which are named Defendants in this case, are the real parties in interest. (Doc. 42 at 2.) "State law dictates whether a governmental agency has

- 2 -

the capacity to be sued in federal court." Efird v. Riley, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) (citing Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir. 1981)). North Carolina statute § 153A-11 acknowledges that a county is a legal entity which may be sued. N.C. Gen. Stat. § 153A-11. However, there is no corresponding statute authorizing suit against a county's board of commissioners. See, e.g., Craig v. Cty. of Chatham, 143 N.C. App. 30, 31, 545 S.E.2d 455, 456 (N.C. Ct. App. 2001) (noting that county's Board of Health and Board of Commissioners "are not entities capable of being sued"); Piland v. Hertford Cty. Bd. of Comm'rs, 141 N.C. App. 293, 296, 539 S.E.2d 669, 671 (N.C. Ct. App. 2000) (holding that county, not Board of Commissioners, was real party in interest). Accordingly, the Davie County Board of Commissioners and the Stokes County Board of Commissioners lack the legal capacity to be sued. See, e.g., Efird, 342 F. Supp. 2d at 420 (dismissing claims against county sheriff's department for lack of capacity); Bess v. Cty. of Cumberland, No. 5:10-CV-453-BR, 2011 WL 3055289, at *1 (E.D.N.C. July 25, 2011) (unpublished).

This rule applies with equal force to claims under 42 U.S.C. § 1983. See, e.g., Hill v. Robeson Cty., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010) (dismissing § 1983 claim against county sheriff's office for lack of legal capacity to be sued); Parker

v. Bladen Cty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (dismissing § 1983 claim against county sheriff's department for lack of capacity); see also Avery, 660 F.2d at 114 (if plaintiff entitled to recover damages under § 1983, the county would be liable, not county boards).

The proper parties here appear to be Davie County and Stokes County. See N.C. Gen. Stat. § 153A-11 (providing counties have capacity to sue and be sued); see also Piland, 141 N.C. App. at 296, 539 S.E.2d at 671 (holding county was proper party rather than board of county commissioners). Because Davie County and Stokes County were also named as defendants in this case, amendment is not necessary.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants Davie County Board of Commissioners and Stokes County Board of Commissioners pursuant to Rule 12(b)(6) (Doc. 28) is **GRANTED** and that all claims against Defendants Davie County Board of Commissioners and Stokes County Board of Commissioners are dismissed with prejudice.

This the 22nd day of March, 2017.

_____
United States District Judge